UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WAUSAU BUSINESS INSURANCE
COMPANY, a Wisconsin Corporation**                Case No. CV 05-50-HA

        Plaintiff,                OPINION AND ORDER

   v.

**PUGET PLASTICS CORPORATION,**
**an Oregon Corporation,**

        **Defendant.**

_____

      Plaintiff Wausau Business Insurance Company (Wausau) filed this declaratory judgment action against Puget Plastics Corporation (PPC) seeking a declaration that its policy insuring PPC provides no coverage for indemnity or defense costs incurred as a result of a product-liability suit filed by Microtherm, Inc., a Texas corporation (Microtherm).  PPC answered and counterclaimed, conceding that all issues raised in Wausau's Complaint had been settled except for the question of whether Wausau owed any obligation to reimburse PPC for defense costs incurred by PPC prior to November 17, 2004.  On March 7, 2006, PPC filed a Motion for Summary Judgment [22].  On March 21, 2006, Wausau filed a cross-motion for Summary Judgment [26].  The Court heard oral argument in this matter on June 29, 2006.  For the reason detailed below, PPC's Motion for Summary Judgment is denied and Wausau's Cross Motion for Summary Judgment is granted.

**The Policy and *Microtherm* Action.**

Page - 1   OPINION AND ORDER

Plaintiff Wausau Insurance Company (Wausau) issued an insurance policy to Puget Plastics Corporation (PPC), Policy No. 2321-00-064183, effective July 1, 2000 to July 1, 2001. Subsequently, in 2002, PPC and another Wausau insured, United Plastics Group, Inc. (UPGI), were sued in Texas by Microtherm, Inc (Microtherm).[1] After Microtherm filed its complaint, PPC retained Fulbright & Jaworski to defend the *Microtherm* action.

After receiving a formal tender of the defense from UPGI, Wausau provided UPGI with a defense in the *Microtherm* action under a reservation of rights. In May 2004, Wausau independently became aware that PPC was a named defendant in the *Microtherm* litigation and that Wausau insured PPC. On May 14, 2004, Wausau sent a form letter to PPC, which stated that a claim file had been opened and that the claim was "in the process of being assigned to one of [Wausau's] case managers."[2] On July 15, 2004, Wausau's attorney sent a letter to PPC's trial counsel retained to defend the *Microtherm* action. The letter advised that because PPC had not formally tendered its defense, Wausau would not participate in or be responsible for the defense of that suit. The letter also stated that PPC should contact Wausau in the event that PPC's position on the issued differed from that of Wausau. PPC did not contact Wausau regarding its tender of defense until November 17, 2004. PPC tendered the *Microtherm* action to Wausau by letter. The tender occurred after the jury trial in the *Microtherm* action had commenced. The jury rendered its verdict in favor of Microtherm and against PPC in December of that year.

## STANDARDS

---

[1] The court will refer to this litigation as the *Microtherm* action.

[2] PPC asserts that it never received the May 14, 2004 letter from Wausau because it sold the building at the address to which the letter was sent in approximately August 2001. This contention is not relevant for purposes of the court's analysis here.

Page - 2   OPINION AND ORDER

Pursuant to Fed. R. Civ. P. 56 (c), "a judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. Fed. R. Civ. P. 56 (c). Determining coverage under an insurance policy is an issue readily amenable to summary disposition. *Terminal Transfer, Inc. v. Truck Ins. Exchange*, 821 F.Supp. 1398, 1399 (D.Or. 1993), *reversed on other grounds*, 65 F.3d 176 (9th Cir. 1995).

## DISCUSSION

### PPC'S Motion for Summary Judgment on Duty to Defend Counterclaim.

<u>Duty to Defend</u>.

The leading Oregon case addressing when an insurer's duty to defend is triggered is *Oregon Ins. Guaranty Ass'n. v. Thompson*, 93 Or. App. 5, 760 P.2d 890 (1988) (*OIGA*). In *OIGA*, the court held that in order for an insurer's duty to defend to arise, the insurer, "must receive a copy of the pleading so that it may review the allegations to determine whether there is coverage. *Notice* of the claim is a condition precedent to the duty to defend." (emphasis added). Moreover, the duty to defend must be determined only from the complaint and the insurance policy. *American Cas. Co. v. Corum*, 139 Or. App. 58, 910 P.2d 1151 (1996). An insured must provide a copy of the relevant pleadings to the insurer in order to invoke the duty to defend.

*Spring Vegetable Co. v. Hartford Das. Ins. Co.*, 801 F.Supp. 385 (D. Or. 1992). An insurer is not obligated to defend any action not tendered to it. *Id.* at 63, n. 3 (citing *OIGA*).

The Seventh Circuit has acknowledged that formal tender of a claim is necessary before an insurer's duty to defend arises. *Hartford Accident & Indem. Co. v. Gulf Ins. Co.*, 776 F.2d 1380 (7th Cir. 1985). In *Hartford*, the court held that an insurer was not required to provide a defense unless the insured formally tendered the claim. *Id.* at 1383. Moreover, the court held that an insurer's independent knowledge of an a potential suit against an insured is insufficient to trigger the duty to defend. *Id.* The court stated:

> Mere knowledge that an insured is sued does not constitute tender of a claim. What is required is knowledge that the suit is potentially within the policy's coverage coupled with knowledge that the insurer's assistance is desired.

*Id.* (citations omitted).

PPC concedes that it tendered its defense to its former broker, AON, and assumed that AON had tendered the claim to any and all applicable carriers. PPC also concedes that AON did not tender the claim to Wausau. *Defendant's Reply in Support of the Motion For Summary Judgment and Opposition to Plaintiff's Cross Motion for Summary Judgment at 14*.

PPC argues that ORS 744.078(4) makes AON Wausau's agent for purposes of tender. However the statute is unequivocal that for AON to be Wausau's agent, AON would have to have procured the insurance policy on behalf of Wausau in order to be considered Wausau's agent. The record does not support this assertion.

Finally, PPC relies on *Gerling America Ins. Co. v. Wagner Constr. Co.*, Not Reported in F.Supp.2d, 1999 WL 962468 (D.Or. 1999). However, in *Gerling*, AON gave notice of the claim to defendant's claim administrator. AON failed to do so in this case.

Page - 4   OPINION AND ORDER

**CONCLUSION**

PPC's Motion for Summary Judgment [22] is denied and plaintiff's Cross Motion for Summary judgment [26] is granted. Plaintiff is ordered to file an appropriate judgment within two weeks of this Opinion and Order. The pre-trial conference and any other pending matters are stricken as moot.

DATED this 30th day of June, 2006.

                                                                _/s/Ancer L.Haggerty_____
                                                                 ANCER L. HAGGERTY
                                                                 CHIEF U. S. DISTRICT COURT JUDGE